FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2014 JAN 30 P 4: 50

CLERK'S OFFICE
AT BALTIMORE

BY___ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DENNIS SHIPMAN,                          *

        Plaintiff                        *

v.                                       *          CIVIL ACTION NO. JKB-13-3080

                                         *

ALEXANDRIA NICHOLS WILLIAMS,             *
et al.,

        Defendants                       *

****** 

## MEMORANDUM

Plaintiff brings this self- represented action against state court judges Alexandria Nichols Williams, Ben C. Clyburn, and Leo Ryan, Jr., and Clerk of Court Roberta Wanaker and Civil Division Chief Maria R. Fields. ECF No. 1. Plaintiff appears to be indigent and his motion for leave to proceed in forma pauperis (ECF No. 2) shall be granted. Upon review of the complaint, the court concludes that it shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992); *Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995).

Plaintiff complains of events which occurred during an eviction proceeding filed against him. He indicates that Judge Williams engaged "in improper communication with only one of the parties or attorneys in a case" and made improper ex parte rulings. Plaintiff states this occurred with the consent of Judge Clyburn. Plaintiff states there were numerous "biased rulings" and "procedural improprieties" in his state court civil proceedings. ECF No. 1. Plaintiff indicates that the automatic stay entered by the bankruptcy court was violated by the state court proceeding with his eviction. He alleges he was never notified of a rescheduled hearing and that service upon him in the state matter was improper. *Id.* Plaintiff indicates that he wrote to Chief Clerk Wanaker requesting a copy of an order entered in his state case and that the matter be re-

scheduled but received no reply. *Id.* He indicates that Judge Ryan "sealed the deal when the constable served the notice of eviction." *Id.* Plaintiff indicates Judge Ryan dismissed his objections regarding the state court's lack of jurisdiction in the eviction proceedings, and baldly states that the District Court clerk "intentionally neglected to file" an appeal with the Circuit Court. Plaintiff states that Judge Williams ordered Civil Division Chief Maria R. Fields "to give the constable, who improperly called Baltimore County Police Department to back-up, the go ahead to execute the eviction..." *Id.*

The defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald,* 457 U.S. 800, 807 (1982). Judges, whether presiding at the state or federal level, are clearly among those officials who are entitled to such immunity. *Stump v. Sparkman,* 435 U.S. 349 (1978). Because it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," *Pierson v. Ray,* 386 U.S. 547, 554 (1967), absolute immunity is necessary so that judges can perform their functions without harassment or intimidation. "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles v. Waco,* 502 U.S. 9, 10 (1991) (quoting *Bradley v. Fisher,* 13 Wall. 335, 20 L. Ed. 646 (1872)). Moreover, the law is well-settled that the doctrine of judicial immunity is applicable to actions filed under 42 U.S.C. § 1983. *Stump,* 435 U.S. at 356. "If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous

2

but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits." *Forrester v. White*, 484 U.S. 219, 226-27 (1988)

In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial" and whether at the time the challenged action was taken the judge had subject matter jurisdiction. *See Stump*, 435 U.S. at 356. Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority. *Id.* at 356-57. A review of plaintiff's allegations against the named defendants does not compel the conclusion that the judges acted in clear absence of jurisdiction. As such, plaintiff's claims against state court Judges Williams, Clyburn, and Ryan shall be dismissed.

Similarly, court clerks such as Wanaker and Fields are accorded derivative absolute immunity when they act in obedience to judicial order or under the court's direction. *See e.g. McCray v. Maryland*, 456 F.2d 1 (4th Cir. 1972); *Clay v. Yates*, 809 F. Supp. 417, 424 (E.D. Va. 1992). Plaintiff's claim against Fields must be dismissed as the actions complained of were undertaken in response to a judicial order. *Id.*

Plaintiff's complaints against Wanaker that she failed to file an appeal in the Circuit Court and failed to respond to his correspondence regarding copy work and rescheduling of a hearing shall also be dismissed. While it is true that court clerks generally do not enjoy absolute immunity when they perform ministerial duties such as filing pleadings or responding to requests for court files, *see McCray*, 456 F.2d at 4, it is equally true that a court clerk is entitled to derivative absolute immunity when performance of, or refusing to perform, the ministerial act of filing pleadings or responding to requests for information is in accordance with a judicial order. *Id.* at 5.

There is no indication that Wanaker was required to respond to plaintiff's correspondence. Plaintiff indicates that he forwarded the same correspondence to Judge Ryan who presumably would be the proper party to rule on a request for hearing date. There is simply no indication that plaintiff complied with court procedures regarding the provision of copy work or the request to have the matter set in for a hearing. Similarly, there is no indication that plaintiff actually noted an appeal which the Clerk failed to docket or take proper administrative action regarding. Rather, plaintiff baldly states that the Clerk failed to forward the file for appellate review. He does not indicate that he filed the necessary paperwork to secure his appellate rights. It appears, based on the information before the court, that Clerk Wanaker was therefore acting pursuant to judicially prescribed procedures and is thus entitled to derivative judicial immunity.

Plaintiff's lawsuit is exactly the type of action that the *Pierson* Court recognized as necessitating the doctrine of judicial immunity. In apparent disagreement with the decisions reached at the state court level, this self-represented litigant has turned to this forum to assert allegations of unconstitutional acts against state court clerks and judges. Because immunity precludes plaintiff's recovery, sua sponte dismissal of plaintiff's claims is appropriate.

A separate Order shall be entered reflecting the ruling set forth herein.

DATED this __30__ day of January, 2013.

BY THE COURT:

_____
James K. Bredar
United States District Judge

4